UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK


UNITED STATES OF AMERICA        *    Case No. 08-CR-916 (SLT)
                                *
                                *    Brooklyn, New York
                                *    December 8, 2009
        v.                      *
                                *
FLOYD BINGHAM,                  *
                                *
            Defendant.          *
                                *

    *  *  *  *  *  *  *  *  *  *  *  *  *  *

            TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
          BEFORE THE HONORABLE VIKTOR H. POHORELSKY
                 UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Government:          STEVEN LAWRENCE TISCIONE, ESQ.
                             Asst. United States Attorney
                             United States Attorney's Office
                             271 Cadman Plaza East
                             Brooklyn, NY 11201


For the Defendant:           MARK A. KAPLAN, ESQ.
                             Jarvis and Kaplan
                             95 Paul Street
                             Burlington, VT  05401




Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

**Fiore Reporting and Transcription Service, Inc.**
**67Elaine Drive**
**Shelton, Connecticut 06484 (203)929-9992**

2

1    (Proceedings commenced at 3:10 p.m.)

2    THE CLERK:  Criminal cause for a guilty plea in

3    CR-08-19 -- excuse me -- CR-08-916, the United States of

4    America versus Floyd Bingham.

5    Counsel, please state your appearances for the

6    record.

7    MR. TISCIONE:  Steven Tiscione for the government.

8    Good afternoon, Your Honor.

9    MR. KAPLAN:  Mark Kaplan for the defendant, Your

10   Honor.  Good afternoon.

11   THE COURT:  Good afternoon.  Please be seated.  Mr.

12   Bingham, I'm told that you're prepared to plead guilty to a

13   criminal offense.  You can stay seated, counsel --

14   MR. KAPLAN:  Thank you.

15   THE COURT:  -- and Mr. Bingham.  I'm told you're

16   prepared to plead guilty to a criminal offense.

17   The decision to do that is a serious one, of

18   course, and before the Court can accept your guilty plea, the

19   Court must be satisfied -- where is that -- do you know where

20   that's coming from?  All right.

21   Before the Court can accept your guilty plea, the

22   Court must be satisfied that you understand the rights that

23   you are giving up by pleading guilty and the consequences,

24   the potential consequences, of a guilty plea.  I'll discuss

25   those matters with you today and I'll be asking you some

3

1      questions as well.

2              The answers to the questions must be given under

3      oath, so my law clerk now will administer an oath for you to

4      take.

5          (The defendant is sworn.)

6              THE CLERK:  Please state your name for the record.

7              THE DEFENDANT:  Floyd Robert Bingham.

8              THE CLERK:  Thank you.  You may be seated.

9              THE COURT:  All right, Mr. Bingham.  You've taken

10     an oath to tell the truth and that means you are required to

11     do so.

12             If you should lie or intentionally mislead the

13     Court today you would be subject to prosecution for the crime

14     of perjury or making false statements.

15             Do you understand that?

16             THE DEFENDANT:  Yes, sir.

17             THE COURT:  If there's anything you do not

18     understand in the proceeding today, please don't hesitate to

19     tell me.  I'll be happy to clarify or provide further

20     explanations about anything that's not completely clear to

21     you.

22             Do you understand that?

23             THE DEFENDANT:  Yes, sir.

24             THE COURT:  How old are you?

25             THE DEFENDANT:  37.

4

1          THE COURT:  How far did you go in school?

2          THE DEFENDANT:  I graduated 12th grade.

3          THE COURT:  Have you had any difficulty

4     understanding what your attorney has explained to you about

5     the charges and your rights and other matters relating to

6     this case?

7          THE DEFENDANT:  No, sir.

8          THE COURT:  Are you now or have you in the recent

9     past been under the care of a doctor or a psychiatrist for

10    any reason?

11         THE DEFENDANT:  No, sir.

12         THE COURT:  In the last 24 hours, did you take any

13    pills, drugs or medications of any kind?

14         THE DEFENDANT:  No, sir.

15         THE COURT:  Did you have any alcoholic beverage to

16    drink in the last 24 hours?

17         THE DEFENDANT:  No, sir.

18         THE COURT:  Have you ever been hospitalized or

19    treated for narcotic addiction or any other kind of drug-

20    related problem?

21         THE DEFENDANT:  No, sir.

22         THE COURT:  Is your mind clear now as you sit here?

23         THE DEFENDANT:  Yes, sir.

24         THE COURT:  Mr. Kaplan, is it?

25         MR. KAPLAN:  It is, Your Honor.

5

1          THE COURT:  I presume you've discussed with Mr.

2     Bingham the question of entering a guilty plea?

3          MR. KAPLAN:  I have, Your Honor.

4          THE COURT:  In your view, does he understand the

5     rights that he will be waiving if he pleads guilty today?

6          MR. KAPLAN:  Yes, Your Honor.

7          THE COURT:  Do you have any question about his

8     competency to proceed today?

9          MR. KAPLAN:  I do not, Judge.

10          THE COURT:  Are you appointed or were you retained?

11          MR. KAPLAN:  I was retained.

12          THE COURT:  Mr. Bingham, are you satisfied with the

13     assistance that you've received thus far from Mr. Kaplan in

14     this matter?

15          THE DEFENDANT:  Yes, sir.

16          THE COURT:  Do you feel that you need any more time

17     to discuss with him the decision to plead guilty before we

18     proceed further today?

19          THE DEFENDANT:  No, sir.

20          THE COURT:  All right.  This is Judge Townes's

21     case.  It's a different judge.  Judge Townes is the judge who

22     will sentence you if you plead guilty and Judge Townes is the

23     judge who has to make the final decision about whether to

24     accept your guilty plea.

25          If you wish, you have the absolute right to have

6

1    Judge Townes actually listen to the guilty plea instead of

2    me.  And if you chose to have her listen to the plea instead

3    of me, no harm or prejudice of any kind could come to you

4    because you made that decision.

5            Do you understand that?

6            THE DEFENDANT:  Yes, sir.

7            THE COURT:  On the other hand if you wish, you can

8    give up your right to have Judge Townes listen to the plea

9    and you could permit me to listen to the plea.

10           If you do that, a recording is now being made of

11   this proceeding and a written transcript will be prepared of

12   this proceeding by a court reporter which Judge Townes will

13   review in order to make the final determination about whether

14   to accept your plea and she may review that transcript also

15   in connection with sentencing.

16           I have a document here that appears to be signed by

17   you which indicates that you are willing to give up your

18   right to have Judge Townes listen to your plea and permit me

19   to listen to the plea.  Let me ask you please to take a look

20   at this document.  Is that your signature among those on the

21   document?

22           THE DEFENDANT:  Yes, sir.

23           THE COURT:  Do you in fact wish to give up your

24   right to have Judge Townes listen to your plea and permit me

25   to listen to your plea?

7

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  Do you make that decision voluntarily

3     and of your own free will?

4          THE DEFENDANT:  Yes, sir.

5          THE COURT:  Has anybody threatened you or made any

6     promise to you to induce you to allow me to listen to the

7     plea?

8          THE DEFENDANT:  No, sir.

9          THE COURT:  I understand you're prepared to plead

10    guilty to a lesser included offense of the offenses charged

11    in Count 3 of the superceding indictment in this case.

12          Mr. Tiscione, the lesser included offense is one

13    that contemplates a certain amount of -- a minimum of a

14    certain amount of marijuana?  Is that correct?

15          MR. TISCIONE:  Yes, Your Honor.  It's a minimum

16    amount of 100 kilograms --

17          THE COURT:  All right.  Thank --

18          MR. TISCIONE:  -- of marijuana.

19          THE COURT:  -- thank you.  Mr. Bingham, let me ask

20    you first.  Did you receive a copy of the superceding

21    indictment in this matter?

22          THE DEFENDANT:  Yes, sir.

23          THE COURT:  And did you review the charges in this

24    indictment as they relate to you with Mr. Kaplan?

25          THE DEFENDANT:  Yes, Your Honor.

8

1          THE COURT:  And you discussed the charges with him?

2          THE DEFENDANT:  Yes, Your Honor.

3          THE COURT:  Do you understand all of the charges at

4     least as they relate to you that are found in this

5     indictment?

6          THE DEFENDANT:  Yes, sir.

7          THE COURT:  All right.  Let me focus on Count 3,

8     the count to which I understand you're prepared to plead

9     guilty.  And I'll actually discuss it in the context of

10    what's known as a lesser included offense that I understand

11    you're prepared to plead guilty to.

12          Count 3 charges you with conspiracy to import

13    marijuana.  A conspiracy -- a criminal conspiracy in the

14    federal court -- is simply an agreement.  An agreement has to

15    be between at least two people.  It could include more.

16          It could include as many as conceivable, but it has

17    to be at least two people who agree that they'll work

18    together to accomplish some criminal purpose.  That's what a

19    conspiracy is.

20          And if the government were to have to prove this

21    charge against you, they would have to prove that you had

22    such an agreement with at least one other person.

23          Now the object of this conspiracy that's charged in

24    Count 3 is to import marijuana which means that it was the

25    understanding of the people who engaged in this conspiracy

1  that they would obtain the marijuana somewhere outside the

2  United States and bring it into the United States.  That

3  would be the purpose of the conspiracy, the object of it.

4         So the government would have to prove that that was

5  an understanding you had with at least one other person.

6         The government would have to prove this

7  understanding was in effect at some point between the period

8  of January 2000 and February of 2009 and the government would

9  also have to prove that in some way this conspiracy involved

10  the Eastern District of New York.

11         It could involve other places as well, obviously,

12  but the Eastern District of New York which means Brooklyn,

13  Queens, Staten Island and counties east of here.  So those

14  are the elements of this offense which the government would

15  have to prove.

16         Oh.  Finally, the government would have to prove

17  that it was contemplated among the members of the conspiracy

18  that the amount of drugs here involved would be 100 kilograms

19  or more of marijuana that would be imported into the United

20  States.

21         So do you understand what I've explained to you

22  about this charge?

23         THE DEFENDANT:  Yes, Your Honor.

24         THE COURT:  I presume that a not guilty plea was

25  entered with respect to this and the other charges in the --

1        MR. TISCIONE:  That's correct, Your Honor.

2        THE COURT:  -- superceding indictment already?

3        MR. TISCIONE:  Yes.

4        THE COURT:  All right.  So you previously pleaded

5   not guilty to the offense, Mr. Bingham, and you have the

6   right to continue to plead not guilty to the offense even if

7   you're guilty.

8        Do you understand that?

9        THE DEFENDANT:  Yes, sir.

10       THE COURT:  If you maintain a plea of not guilty to

11  the charge, you have the right to a speedy and public trial

12  before a jury with the assistance of your attorney on this

13  charge and all the other charges in the indictment against

14  you.

15       Do you understand that?

16       THE DEFENDANT:  Yes, sir.

17       THE COURT:  At a trial, you would be presumed to be

18  innocent.  You would not have to prove that you were

19  innocent.  You would not have to prove anything.

20       The government has the burden of proof at a

21  criminal trial and the government's burden is to produce

22  evidence in court that satisfies a jury unanimously that the

23  defendant is guilty beyond a reasonable doubt.

24       If the government could not meet that burden of

25  proof at your trial, the jury would have the duty to find you

1    not guilty.

2              Do you understand that?

3              THE DEFENDANT:  Yes, sir.

4              THE COURT:  At the trial, witnesses for the

5    government would have to come to court and testify in your

6    presence.

7              Your attorney could cross-examine the witnesses, he

8    could object to evidence the government tried to introduce.

9    And he could offer evidence in your behalf.  He could

10   subpoena and require witnesses to come to court and testify

11   in your behalf if there were witnesses who had information

12   helpful to your case.

13             Do you understand that?

14             THE DEFENDANT:  Yes, Your Honor.

15             THE COURT:  At the trial, you would have the right

16   to testify in your own behalf if you chose to testify.  The

17   choice would be entirely up to you, however.

18             You could not be required to testify and that's

19   because the Constitution of the United States guarantees that

20   no defendant in a criminal case can be required to testify

21   and say something that might be used to show that he's

22   guilty.

23             If you chose to have a trial but chose not to

24   testify at the trial, the judge would instruct the jury that

25   they could not hold that against you.

12

1          Do you understand that?

2          THE DEFENDANT:  Yes, sir.

3          THE COURT:  If you plead guilty instead of going to

4     trial, you will be giving up your Constitutional right to a

5     trial and all the other rights I've just explained to you.

6     There will be no trial in this case.

7          You'll have no right to appeal to a higher court on

8     the question of whether or not you're guilty.  Judge Townes

9     will simply enter a judgment of guilty and impose a sentence

10    on you based simply on your plea of guilty and without any

11    trial.

12         Do you understand that?

13         THE DEFENDANT:  Yes, sir.

14         THE COURT:  If you plead guilty, I will ask you

15    some questions about what you did in order to satisfy myself

16    that you are guilty.  You will be required to answer the

17    questions.

18         In doing that, you will be giving up the right I

19    mentioned a few moments ago, the right not to say something

20    that can be used to show that you're guilty.

21          Do you understand that?

22         THE DEFENDANT:  Yes, sir.

23         THE COURT:  So Mr. Bingham, are you willing to give

24    up your right to a trial and the other rights I've just

25    discussed with you?

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  I understand you have an agreement with

3     the government concerning your plea.  I have a document here

4     that appears to be the agreement.  It bears today's date on

5     the last page and has various signatures on the last page

6     including one that appears to be yours.

7          Let me ask you to take a look at the document and

8     once you've satisfied yourself that you recognize it, if you

9     would turn to the last page.

10         Is that your signature among those on the last

11    page, Mr. Bingham?

12         THE DEFENDANT:  Yes, sir.

13         THE COURT:  Before you signed this document, did

14    you read the entire document?

15         THE DEFENDANT:  Yes, sir.

16         THE COURT:  Did you discuss the various terms of

17    this agreement with your attorney?

18         THE DEFENDANT:  Yes, sir.

19         THE COURT:  Do you understand literally everything

20    that's written in this document?

21         THE DEFENDANT:  Yes, sir.

22         THE COURT:  Except for any promises in writing in

23    this document, did anyone make any promise to you to induce

24    you to plead guilty?

25         THE DEFENDANT:  No, sir.

14

1          THE COURT:  All right.  I'm going to mark this

2     document as Exhibit 1 for purposes of the proceeding today.

3     Let me review with you now the potential punishment for this

4     offense.

5          First of all, the statute under which you are

6     charged permits the Court to impose a term of imprisonment of

7     up to 40 years of imprisonment.

8          Do you understand that?

9          THE DEFENDANT:  Yes, sir.

10          THE COURT:  The same statute also requires the

11     Court to impose a minimum term of imprisonment of at least

12     five years.

13          Do you understand that?

14          THE DEFENDANT:  Yes, sir.

15          THE COURT:  Now there are circumstances that permit

16     the Court to ignore that five-year mandatory minimum that's

17     otherwise required by the statute.

18          But the Court has to find certain facts to exist

19     and it has to make certain findings before the Court would be

20     permitted to ignore that five-year mandatory minimum.

21          If the Court is not able to make those factual

22     findings and to make those determinations, then the Court

23     will be required to impose that five-year mandatory minimum.

24          Do you understand that?

25          THE DEFENDANT:  Yes, sir.

1          THE COURT:  In addition to a term of imprisonment,

2    the Court will be required to impose a term of supervised

3    release.

4          The term of supervised release will commence after

5    you complete any term of imprisonment that is imposed and the

6    term of supervised release must last for a minimum of five --

7    excuse me -- of four years and the Court could choose to

8    impose a term of supervised release that would last as much

9    as the rest of your life.

10          While you're serving a term of supervised release,

11    however long it may be, you'll be required to comply with

12    conditions that are set by the Court.

13          If you fail to comply with any of the conditions,

14    the Court has the option to sentence you to serve more time

15    in prison and on each occasion when the Court finds that you

16    have violated one or more of the conditions of supervised

17    release, the Court may impose an additional term of

18    imprisonment of up to four years of imprisonment without

19    giving you any credit for any time you previously spent in

20    prison in connection with this offense.

21          Do you understand that?

22          THE DEFENDANT:  Yes, Your Honor.

23          THE COURT:  You also may be fined up to $2 million

24    and separate from the fine the Court will be required to

25    impose a $100 special assessment.  So those are the financial

1    penalties for this crime.

2           Do you understand that?

3           THE DEFENDANT:  Yes, sir.

4           THE COURT:  Finally, there's also a forfeiture

5    that's contemplated here and forfeiture simply means that you

6    will be required to give up any right or title you have to

7    any of the property that was involved in this offense.

8           I believe the forfeiture is agreed upon in the

9    agreement here in paragraphs 8 through 16.  This means that

10   you'll have to give up your right to any -- the money that's

11   in the judgment here.  You'll be required to -- yes.

12          I gather it's -- it has to do with a money judgment

13   that's contemplated here.  Is there any other property

14   involved, Mr. Tiscione?

15          MR. TISCIONE:  No, Your Honor.  It's just the money

16   judgment.

17          THE COURT:  All right.  So you understand that that

18   forfeiture will also be imposed?

19          THE DEFENDANT:  Yes, Your Honor.

20          THE COURT:  In sentencing you, Judge Townes will

21   have to consider sentencing guidelines that may affect the

22   decision she makes concerning the sentence to impose.  Have

23   you discussed the operation of the sentencing guidelines with

24   your attorney?

25          (Counsel and the defendant confer.)

1          THE DEFENDANT:  Oh yes, sir.  Yes, sir.

2          THE COURT:  All right.  Let me explain the matter

3     briefly to you.

4          Before you are sentenced, Judge Townes will take

5     various matters into consideration in order to -- and these

6     matters include facts about your participation in the offense

7     and other factors relating to the commission of the offense

8     and will make a determination based on those factors what

9     guideline level applies to your case.

10          The guideline level that she determines in that

11    fashion will prescribe a range of months within which the

12    recommendation of the guidelines is that your sentence should

13    be imposed.

14          That is that the guideline level will state a

15    minimum number of months and a maximum number of months and

16    within that range is the recommendation of the guidelines

17    that you be sentenced.  But Judge Townes is not required to

18    follow that recommendation.

19          She could decide that a sentence that was higher

20    than the range would be appropriate for your case.

21    Alternatively, she could decide that sentence below the range

22    would be appropriate but at a minimum, she has to decide what

23    the sentencing range is and then she has to consider

24    carefully whether a sentence within that range is appropriate

25    for your case.

1            Whatever sentence is imposed Judge Townes must give

2      good reasons for that particular sentence.

3            Do you understand what I've explained?

4            THE DEFENDANT:  Yes, Your Honor.

5            THE COURT:  I'm going to ask the attorneys to tell

6      me what they think the guidelines are likely to say for your

7      case, but understand that this is just their estimates.

8      Judge Townes has to make her own independent determination.

9      Mr. Tiscione, what's the government's calculation?

10           MR. TISCIONE:  Your Honor, the government estimates

11     an offense level of 21 which assuming the defendant is

12     sentenced within criminal history 1 would yield a range of 37

13     to 46 months.

14           THE COURT:  All right.  Mr. Kaplan, did you have

15     any different or --

16           MR. KAPLAN:  No, Your Honor.

17           THE COURT:  -- additional guideline considerations?

18           MR. KAPLAN:  I'm in concurrence with that opinion.

19           THE COURT:  All right.  So that's the estimate what

20     the guideline level will be.

21           As I said before, Judge Townes has to make her own

22     determination and she'll certainly listen to the attorneys

23     but she has to make her own determination.  What's important

24     for you to understand now, though, is that until the time of

25     sentence -- and she won't make any of those determinations

1          until the time of sentence.

2                    She won't determine what the guideline range is.

3          She won't determine whether or not to sentence you within the

4          range or to sentence you above or below the range.  All those

5          decisions will await the day of sentence, literally.  So no

6          one can tell you now what sentence will be imposed in this

7          case.

8                    Do you understand that?

9                    THE DEFENDANT:  Yes, sir.

10                    THE COURT:  After sentence is imposed, you do have

11          a right to appeal your sentence, but only your sentence, if

12          you think that the Court has made some mistake in imposing

13          that sentence.  Do you understand that?

14                    THE DEFENDANT:  Yes, sir.

15                    THE COURT:  Mr. Bingham, do you have any questions

16          that you'd like to ask me about the charge here, your rights

17          or about anything else related to this matter that may not be

18          clear?

19                    THE DEFENDANT:  No, sir.

20                    THE COURT:  Mr. Kaplan, is there anything else I

21          should review with Mr. Bingham before we proceed further --

22                    MR. KAPLAN:  No, Your Honor.

23                    THE COURT:  -- to the allocution?  Mr. Tiscione?

24                    MR. TISCIONE:  No, Your Honor.

25                    THE COURT:  Mr. Kaplan, do you know any reason why

1    Mr. Bingham should not enter a plea of guilty to the charge?

2              MR. KAPLAN:  I do not, Your Honor.

3              THE COURT:  Are you aware of any viable legal as

4    distinguished from factual defense to the charge?

5              MR. KAPLAN:  No, Your Honor.

6              THE COURT:  Mr. Bingham, are you ready to plead?

7              THE DEFENDANT:  Yes, sir.

8              THE COURT:  How do you plead to the lesser offense

9    charged within Count 3 of the superceding indictment?  Guilty

10   or not guilty?

11             THE DEFENDANT:  Guilty, Your Honor.

12             THE COURT:  Are you making this plea of guilty

13   voluntarily and of your own free will?

14             THE DEFENDANT:  Yes, Your Honor.

15             THE COURT:  Has anyone threatened you or forced you

16   to plead guilty?

17             THE DEFENDANT:  No, sir.

18             THE COURT:  Other than the agreement with the

19   government that we discussed a little earlier, did anyone

20   make any promise to you that caused you to plead guilty?

21             THE DEFENDANT:  No, sir.

22             THE COURT:  Has anyone made any promise to you

23   about the sentence you will receive?

24             THE DEFENDANT:  No, sir.

25             THE COURT:  Can you tell me briefly in your own

1    words what you did -- what conduct you engaged in -- in

2    committing the offense in Count 3?

3              THE DEFENDANT:  I was -- I drove marijuana from one

4    designation to another a number of times.  You know?

5              THE COURT:  And you say from one -- you say

6    designation -- from one place to another?

7              THE DEFENDANT:  Yes, sir.

8              THE COURT:  Where -- where did you obtain the

9    marijuana that you drove?

10             THE DEFENDANT:  Back home where I live.

11             THE COURT:  And where was that?

12             THE DEFENDANT:  I usually obtained it in the

13   Akwesasne Reservation somewhere.

14             THE COURT:  I'm sorry?

15             THE DEFENDANT:  Reservation back home -- Mohawk

16   Reservation back home.  I usually retained it from there.

17             THE COURT:  Okay.  And --

18             MR. KAPLAN:  Just to clarify, Your Honor, the

19   Akwesasne Reservation is partly in Canada and partly in the

20   United States.

21             THE COURT:  All right.  Do you know whether you

22   were on the Canadian side of the border?

23             THE DEFENDANT:  No.  I'm sure I never was.

24             THE COURT:  You were not?  Do you know what the

25   origin of that marijuana was?

22

1          THE DEFENDANT:  It came from Canada.  Yes.

2          THE COURT:  You did know that at the time?

3          THE DEFENDANT:  Yes.

4          THE COURT:  And so your role was to drive that?

5    And where did you drive that marijuana to?

6          THE DEFENDANT:  Different places throughout New

7    York City.

8          THE COURT:  And did you go anywhere in Brooklyn or

9    Queens at times or did you come through Brooklyn and Queens?

10         THE DEFENDANT:  More or less Queens and Manhattan.

11         THE COURT:  Queens and Manhattan?

12         THE DEFENDANT:  Yes.

13         THE COURT:  And you actually made deliveries into

14   Queens at times?

15         THE DEFENDANT:  Yes, sir.

16         THE COURT:  Okay.  Over what period of time did you

17   engage in this?

18         THE DEFENDANT:  I believe like a two-year period.

19         THE COURT:  And approximately what two-year period?

20         THE DEFENDANT:  2007 and 2009.

21         THE COURT:  Okay.  All right.  And were you working

22   with anyone else in this enterprise or were you doing this

23   with --

24         MR. KAPLAN:  Well, he was retained by various

25   individuals.  Primarily one or two individuals --

23

1          THE COURT:  Okay.  So you were --

2          MR. KAPLAN:  -- who had --

3          THE COURT:  -- working with other people?  You were

4     doing this with the understanding of others that you were

5     working with -- with whom you were working to accomplish

6     this --

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  -- this goal?

9          THE DEFENDANT:  Yes, Your Honor.

10          THE COURT:  Is there anything else about which I

11     should inquire -- oh.  Let me ask one other -- over the

12     course of those deliveries, was the marijuana involved -- did

13     that exceed 100 kilograms of marijuana?

14          THE DEFENDANT:  No, sir.

15          THE COURT:  You don't think it exceeded that

16     amount?

17          MR. KAPLAN:  Well, the actual conspiracy that he

18     was involved in certainly exceeded it even if he didn't

19     physically touch 100 kilograms.  I think he did.  I think he

20     was involved in at least that much himself.

21          THE COURT:  Well, I have to find out from Mr.

22     Bingham.

23          MR. KAPLAN:  Oh, he's talking about --

24          MR. TISCIONE:  Just to clarify, not at one time.

25          THE COURT:  No, no, no.  I'm talking --

1          THE DEFENDANT:  It wasn't -- oh, I'm sorry, sir.

2          THE COURT:  Let me -- let me ask the question just

3     so we have a clear record of this.  I didn't mean on any one

4     occasion that you transported more than 100 kilograms.

5          What I meant was throughout the two-year period, if

6     you took everything together, did your involvement include

7     transporting 100 kilograms or more?

8          THE DEFENDANT:  Yes, Your Honor.

9          THE COURT:  Okay.  Is there anything else about

10    which I should inquire, Mr. Tiscione?

11         MR. TISCIONE:  No, Your Honor.

12         THE COURT:  Mr. Kaplan?

13         MR. KAPLAN:  No, Your Honor.

14         THE COURT:  All right.  Based on the information

15    provided today, I find that Mr. Bingham is acting

16    voluntarily, that he fully understands the charge and his

17    rights and the consequences of his plea.

18         There is also a factual basis for the plea and,

19    therefore, I recommend that Judge Townes accept Mr. Bingham's

20    plea of guilty to the charge -- the lesser included charge in

21    Count 3 of the superceding indictment.  Has Judge Townes set

22    a date for sentencing, Mr. Toritto?

23         THE CLERK:  Yes, Your Honor.  It's currently

24    scheduled for March 12th at 10 a.m.

25         THE COURT:  All right.  So that's the present day

25

1    on which you'll be sentenced.  It could be moved, but as of

2    now, March 10th [sic] at 10 a.m. in this courthouse before

3    Judge Townes.  That'll be the time of sentence.

4         Before that date, the Probation Office of the Court

5    will prepare a Pre-Sentence Report.  You'll get a copy of the

6    report as will your attorney and the attorney for the

7    government and of course the Court will get a copy and you'll

8    have the opportunity to advise the Court if there are any

9    mistakes or omissions in the report.

10        To prepare the report, a Probation Officer will

11   have to interview you.  You have the right to have your

12   attorney present during the interview.

13        That interview is the principal way that the Court

14   obtains information about your background and other personal

15   circumstances so that those matters can be taken into account

16   when the Court decides on an appropriate sentence and that

17   means it's often in the interest of the defendant to

18   cooperate with the Probation Office in that interview

19   process.

20        You should, of course, listen to your attorney's

21   advice with respect to that.

22        Is there any other matter that we should address

23   here today before we adjourn, counsel?  Mr. Tiscione?

24        MR. TISCIONE:  No, Your Honor.

25        THE COURT:  Mr. Kaplan?

1          MR. KAPLAN:  No, Your Honor.

2          THE COURT:  All right.  Let me return to counsel

3     for the government the agreement that was marked here so that

4     it can be used in further proceedings as necessary and we are

5     now adjourned.

6          MR. TISCIONE:  Thank you, Judge.

7      (Proceedings concluded at 3:36 p.m.)

8          I, CHRISTINE FIORE, Certified Electronic Court

9     Reporter and Transcriber and court-approved transcriber,

10     certify that the foregoing is a correct transcript from the

11     official electronic sound recording of the proceedings in the

12     above-entitled matter.

13

14     _Christine Fiore_

15     _____          January 12, 2010

16          Christine Fiore

17           Transcriber

18

19

20

21

22

23

24

25